771 F.2d 79
 William L. CHU, Bryan Chu, a minor by William CHU his next
friend; Adam Chu, a minor, by William Chu his
next friend, Appellants,
v.
Lewis H. GRIFFITH, Appellee,
and
Sharon Harrington, individually and in her official
capacity; William McDonnell, individually and in his
official capacity; Chandra V. Holsey, Ph.D., individually
and in her official capacity; Ronald Golkow, individually
and in his official capacity; Sheila D. Melville,
individually and in her official capacity; Edward Sterling,
individually and in his official capacity; Katherine
Fisher, individually and in her official capacity; Brenda
Watson, individually and in her official capacity; Lynn
Tucker, individually and in her official capacity; Maria M.
Mancusi, individually and in her official capacity; Fairfax
County Department of Social Services, Defendants.
 No. 84-2318.
 United States Court of Appeals,
Fourth Circuit.
 Argued Aug. 12, 1985.
Decided Aug. 30, 1985.
 
 John M. DiJoseph, Arlington, Va. (John M. DiJoseph, P.C., Arlington, Va., on brief) for appellants.
 Mary Yancey Spencer, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen., Richmond, Va., on brief) for appellee.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 HAYNSWORTH, Senior Circuit Judge:
 
 
 1
 The district court dismissed a 42 U.S.C. Sec. 1983 claim for damages against a Virginia Circuit Judge upon the ground of absolute immunity and imposed a sanction of an attorney's fee in the amount of $1,000 to be paid by the plaintiff's lawyer to the Attorney General of Virginia who was providing legal representation for the judge. This appeal brings up only the question of the imposition of the sanction.
 
 
 2
 We affirm, and award costs and reasonable attorney's fees for services in this court.
 
 
 3
 Mr. Chu and his wife were engaged in a contested divorce proceeding. The custody of their two children was also in hot dispute. The entire matter was pending before Judge Lewis Hall Griffith of the Circuit Court of Fairfax County.
 
 
 4
 At one point, Judge Griffith ordered temporary custody of the two children transferred to an agency of the Commonwealth. The plaintiff agrees that Judge Griffith had jurisdiction in the divorce proceeding and jurisdiction to award custody of the children to one party or the other or to both, but he contends that, while Judge Griffith had jurisdiction to determine appeals when an agency of the Commonwealth was involved in a dispute over child custody, only the Juvenile and Domestic Relations Court had original jurisdiction to award custody of a child to an agency of the Commonwealth.
 
 
 5
 Chu sought a writ of mandamus and prohibition in the Supreme Court of Virginia. He also filed in the district court this Sec. 1983 action against the judge for damages. His petitions were denied by the Virginia Supreme Court, and this action against the judge was dismissed and a sanction imposed. The judge specifically found that the Sec. 1983 action had been commenced for an improper purpose.
 
 
 6
 It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions. Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872), Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). There is no such immunity, of course, if the judge undertakes to act in an area where he has no subject matter jurisdiction, but it is immaterial that his challenged judicial act may have been unauthorized by the laws which govern his conduct. If he exceeds his authority, his action is subject to correction on appeal or other authorized review, but it does not expose him to a claim for damages in a private action, or put him to the trouble and expense of defending such an action.
 
 
 7
 The denials by the Virginia Supreme Court of the petitions for mandamus and prohibition may suggest that Judge Griffith did not exceed his authority in any way, but that is a question we need not address. Judge Griffith had general subject matter jurisdiction in this divorce and child custody case and had absolute immunity from this claim for damages.
 
 
 8
 Rule 11 of the F.R.Civ.P. was amended in 1983 to emphasize the representations implicit in a lawyer's signature on a pleading. He represents that, after appropriate investigation and inquiry, he reasonably believes that a proper legal claim or defense is stated. The amendment was also designed to facilitate the imposition of appropriate sanctions, including attorney's fees, upon lawyers who violate the rule. See generally, 5 Wright and Miller, Federal Practice & Procedure, Rule 11 Sec. 1331, et seq.
 
 
 9
 There was no legal basis for an informed belief that Judge Griffith was subject to a Sec. 1983 claim for damages.
 
 
 10
 There was also a basis for the district judge's finding of an improper purpose in filing the action. The pendency of this action and of the petitions in the Supreme Court of Virginia were used as the basis of an attempt to compel Judge Griffith to recuse himself.
 
 
 11
 An imposition of the modest sanction was clearly warranted.
 
 
 12
 We find this appeal clearly without merit. It is an entirely appropriate one for the imposition of costs, including reasonable attorney's fees in the handling of this appeal, fees to be paid by counsel for the plaintiff to the Attorney General of Virginia for the representation provided Judge Griffith in connection with this appeal.
 
 
 13
 The district court's imposition of the sanction is affirmed, but the case is remanded to the district court for determination of the costs and of a reasonable fee to be assessed against counsel for the plaintiff in connection with this appeal.
 
 
 14
 AFFIRMED AND REMANDED.