638 F.Supp. 239 (1986)
Anthony G. MINER, Plaintiff,
v.
Evelyn BAKER, et al., Defendants.
No. 86-808C(6).
United States District Court, E.D. Missouri, E.D.
June 27, 1986.
As Corrected July 18, 1986.
Anthony C. Miner, pro-se.
William L. Webster, Mary Stewart Tansey, Mary Ann L. Medler, Paul S. Brown, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
Pursuant to the authority vested in this Court by 28 U.S.C. § 1915(d),
IT IS HEREBY ORDERED that the above-styled action be dismissed in its entirety as frivolous.
*240 Plaintiff Anthony G. Miner filed this action in forma pauperis seeking injunctive relief and damages to redress violation of constitutional rights under 42 U.S.C. § 1983. The Court, having given plaintiff the benefit of a liberal construction of his pleadings and satisfied itself that recovery is barred on all counts as against all defendants, Martin-Trigona v. Stewart, 691 F.2d 856 (8th Cir.1982), has determined that dismissal is appropriate under 28 U.S.C. § 1915(d).
The facts alleged by plaintiff, which are fully supported by the record, run essentially as follows:
Plaintiff was charged on August 20, 1980 by the Circuit Attorney for the City of St. Louis with first degree assault in connection with an armed attack on his wife. Plaintiff was arrested on this charge in October 1980. Prior to trial of his case plaintiff filed a motion for a pretrial psychiatric examination, which was heard by the Honorable Thomas McGuire, Circuit Court Judge for the City of St. Louis. Judge McGuire granted the motion and issued an order pursuant to Missouri statute, §§ 552.020 and 552.030, RSMo, that a pretrial evaluation and examination of plaintiff be conducted at Malcolm Bliss Mental Health Center. The examination was conducted on June 23, 1981, by defendant Bun Tee Co, Jr., M.D., who found plaintiff competent to stand trial and free from mental impairment at the time of the criminal act.
The matter proceeded to trial in October 1981. Plaintiff's main defense to the first-degree assault charge was that an alcohol-induced stupor vitiated the requisite mens rea for the offense, and plaintiff introduced witness testimony in support of this defense. Arguably in rebuttal of this defense, the city prosecutor called Dr. Co to the stand to testify to his conclusions concerning plaintiff's mental health. Dr. Co testified that plaintiff suffered from an antisocial personality disorder and as the basis for this medical opinion, over the objection of plaintiff, made reference to juvenile offense records of plaintiff. The Missouri Court of Appeals reversed plaintiff's conviction on the assault charge on the ground that Dr. Co's testimony was inadmissible evidence of prior bad acts and further constituted a breach of the privilege of non-disclosure of juvenile records. The Court remanded the case for a new trial.
In the course of plaintiff's second trial on the assault charge plaintiff again sought through witness testimony to disprove the element of criminal intent. Again the government called Dr. Co, who again testified that plaintiff suffered from an antisocial personality disorder that did not interfere with his capacity to formulate the requisite mens rea. Plaintiff appealed his second conviction to the Missouri Court of Appeals, which again reversed over one dissent, finding that the law of the case precluded the admissibility of Dr. Co's testimony, even though Dr. Co did not refer on this occasion to plaintiff's prior criminal episodes. The Court again remanded the case for a new trial.
Plaintiff seeks an injunction against this third prosecution for the assault against his wife, asserting his right under the fifth amendment not to be put in double jeopardy for a single offense. This Court will not enjoin the pending proceedings.
The abstention doctrine announced in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) bars a federal court from granting injunctive relief against a state engaged in the good faith administration of its criminal laws. Plaintiff has in no way alleged the kind of "immediate irreparable injury," Samuels v. Mackell, 401 U.S. 66, 68, 91 S.Ct. 764, 766, 27 L.Ed.2d 688 (1971), citing Younger, supra, that would counsel this Court to deviate from the well-established principles of comity and federalism that underlie the Younger decision. The violations of constitutional rights plaintiff asserts are fully redressable on state court appellate review, and Younger and its progeny dictate that this Court abstain from intervention until the full review process is complete. Huffman *241 v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).
This Court in any case seriously questions whether plaintiff has made out a cognizable constitutional claim. Double jeopardy does not bar reprosecution where a defendant has succeeded in reversing his conviction on appeal. See Oregon v. Kennedy, 456 U.S. 667, 676 n. 6, 102 S.Ct. 2083, 2900 n. 6, 72 L.Ed.2d 416 (1982) and cases cited therein (contrasting reversal on appeal with deliberate inducement of abortive mistrial by prosecution). Furthermore, plaintiff's claim that he was not given Miranda warnings prior to submitting to psychiatric evaluation by Dr. Co will not rise to the level of a constitutional violation until incriminating statements made by him in the course of that evaluation are introduced against him at trial. Smith v. United States, 539 F.2d 706 (4th Cir.1976); Williams v. Williams, ___ F.Supp. ___ No. 86-818C(6), slip op. (E.D.Mo. May 6, 1986).
Plaintiff's claims for damages suffer from the further infirmity that all three named defendants are immune from liability for the injuries plaintiff asserts.
Defendant Evelyn Baker is the circuit judge presiding over plaintiff's second retrial. Plaintiff's complaint against her arises out of her setting $40,000 bond on plaintiff, an amount more than double that set by another circuit judge prior to plaintiff's first two prosecutions on the assault charge. A judge is absolutely immune from liability under § 1983 for any acts taken within his or her judicial jurisdiction. Aubuchon v. Missouri, 487 F.Supp. 529 (E.D.Mo.1980), citing Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), aff'd, 631 F.2d 581 (8th Cir.1980). Any act undertaken in excess of authority rather than in absence of jurisdiction is properly correctable on appeal from a state court conviction. Chu v. Griffith, 771 F.2d 79 (4th Cir.1985). Defendant Baker was clearly acting within her jurisdictional authority when she set plaintiff's bond, and is therefore absolutely immune from liability for damages under § 1983.
Plaintiff's claim against St. Louis Circuit Attorney George Peach arises from plaintiff's allegations of bad faith and harassment in defendant Peach's handling of plaintiff's case. Defendant Peach is immune from liability on two alternative bases: first, a government prosecutor is absolutely immune from liability for acts taken within his or her prosecutorial capacity. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). As with defendant Baker, none of the acts alleged by plaintiff to have given rise to his constitutional injury were without the scope of defendant Peach's prosecutorial function. Furthermore, the actual prosecution of plaintiff's criminal case was undertaken by Assistant Circuit Attorney Gordon Ankney. Section 1983 liability cannot be premised on a theory of respondeat superior, Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981), therefore defendant Peach cannot be held liable for allegedly tortious conduct engaged in by his subordinate.
Finally, Dr. Co enjoys absolute immunity in his performance of the quasi-judicial function of court-appointed psychiatrist. Burkes v. Callion, 433 F.2d 318, 319 (9th Cir.1970), cert. denied, 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1970), cited with approval, Lawyer v. Kernoodle, 721 F.2d 632, 636 (8th Cir.1983).
Plaintiff has also pleaded that defendants acted in conspiracy to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985. Plaintiff, however, has failed to allege any underlying facts that would support a cause of action under that statutory section.
Accordingly, plaintiff's case is dismissed. In view of this dismissal, plaintiff's motion for appointment of counsel is denied as moot.