John MOSES, Appellant,

v.

Sadashiv D. PARWATIKAR,
M.D., Appellee.

No. 86–1350.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1987.

Decided March 9, 1987.

David W. Sobelman, St: Louis, Mo., for appellant.

Mary Stewart Tansey, Jefferson City, Mo., for appellee.

Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

John Moses appeals from the district court's [1] order dismissing with prejudice his *pro se* 42 U.S.C. § 1983 and § 1985 complaint. The district court held that the claims were frivolous and dismissed prior to service of process on the defendant, Dr. Parwatikar. We affirm.

## I. BACKGROUND

In February 1985, John Moses was charged in St. Louis, Missouri, Circuit Court with burglary and murder. Moses pleaded not guilty and requested that a psychiatrist be appointed to determine whether he was mentally competent to stand trial and whether he was legally insane at the time of the alleged criminal acts. The court granted the motion and ordered Dr. Parwatikar to examine Moses.

After a brief examination Dr. Parwatikar reported to the court that Moses was competent to stand trial. Subsequently, Moses withdrew his not guilty plea, entered a guilty plea, and was sentenced to life imprisonment.

In January 1986, Moses filed, *in forma pauperis,* a *pro se* complaint alleging that Dr. Parwatikar conspired with Missouri officials to deprive him of a fair competency hearing in violation of his constitutional rights. The crux of Moses' claim is that (1) he was not informed that Dr. Parwatikar had conducted many other competency evaluations for the state; (2) Dr. Parwatikar has repeatedly found his patients to be competent; and (3) Dr. Parwatikar acted in concert with the prosecution to deprive Moses of a meaningful examination.

The district court held that the defendant was absolutely immune and dismissed the suit. On appeal Moses argues that pleading a conspiracy defeats absolute immuni-

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

ty, that when read liberally his *pro se* complaint adequately alleges a conspiracy, and that even if his allegations are inadequate he should be allowed to amend his complaint, and therefore dismissal with prejudice was improper.

## II. DISCUSSION

■ Recently this court held that "nonjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions." *Myers v. Morris,* 810 F.2d 1437, 1466 (8th Cir.1987) (court appointed therapist). As a psychiatrist appointed by the court to conduct a competency examination, Dr. Parwatikar performed functions essential to the judicial process. *See Burkes v. Callion,* 433 F.2d 318 (9th Cir.1970), *cert. denied,* 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971); *Miner v. Baker,* 638 F.Supp. 239, 241 (E.D.Mo.1986) (doctor "enjoys absolute immunity in his performance of the quasi-judicial function of court-appointed psychiatrist").

Also, Dr. Parwatikar's function is analogous to that of a witness in a judicial proceeding. *See Kurzawa v. Mueller,* 732 F.2d 1456, 1458 (6th Cir.1984). His appointed duties consisted of examining Moses and reporting his findings back to the court. Anything less than absolute immunity would defeat the requirement that the "paths which lead to the ascertainment of truth * * * be left as free and unobstructed as possible." *Briscoe v. LaHue,* 460 U.S. 325, 333, 103 S.Ct. 1108, 1114, 75 L.Ed.2d 96 (1983) (quoting *Calkins v. Sumner,* 13 Wis. 193, 197 (1860)). Without absolute immunity two problems are likely to develop in cases such as this. First, psychiatrists will be reluctant to accept court appointments. This will hurt the indigent criminal defendants who, without sound psychiatric help, may not be able to prove their mental deficiencies. Second, the threat of civil liability may taint the psychiatrist's overall opinions. The disinterested objectivity, so necessary to an ac-

curate competency determination, will be lost. In short, only by granting absolute immunity will the paths to the truth remain open. *See Briscoe,* 460 U.S. at 333, 103 S.Ct. at 1114.

Initially Moses argues that Dr. Parwatikar is not protected by absolute immunity because his appointment may not have been made in exact accordance with Missouri statutes and because the conspiracy began long before the doctor's appointment in this case. We are not persuaded that either of Moses' arguments defeat our finding of absolute immunity. As stated previously, the scope of immunity depends on the functions performed. It would be absurd to hold that even though Dr. Parwatikar performed an essential function, he is stripped of immunity simply because the statute authorizing his appointment may not have been complied with. As to the pre-appointment activities, Moses alleges previous instances where Dr. Parwatikar examined defendants and reported his findings to the court. For the same reasons, these actions are also protected by absolute immunity.

■ Moses next argues that the district court erred in finding his *pro se* complaint to be frivolous. The allegations, Moses argues, should have been read liberally, and even if they proved to be inadequate, he should have been given an opportunity to amend his complaint. While we agree that *pro se* complaints should be read expansively, and leave to amend should be granted freely, in this case dismissal was nevertheless appropriate. Moses' argument is based on the erroneous assumption that pleading a conspiracy abrogates absolute immunity. We hold that absolute immunity is not affected by a conspiracy and consequently no matter how well pleaded Moses' complaint was or could have become, Dr. Parwatikar is still absolutely immune from suit.

Prior to 1986 there existed a conflict among the circuits on the issue of whether a conspiracy affects absolute immunity.

The Fifth[2] and Eleventh[3] Circuits have held that absolute immunity is not defeated by pleading a conspiracy.[4] The Ninth Circuit, however, has found that conspiracy is not a judicial act entitled to absolute immunity.[5] Subsequently, in *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) the Ninth Circuit in its en banc procedure reconsidered its earlier position and unanimously held that pleading a conspiracy does not affect absolute immunity. We agree with this sound principle. Exceptions to absolute immunity should not be created freely. That malicious or corrupt acts are protected, *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967), indicates how solidly the doctrine of absolute immunity is entrenched in our legal system. To defeat this doctrine by pleading a conspiracy would be to create an exception where none was intended. Clearly a judge who conspires to violate a person's constitutional rights acts maliciously or corruptly. However, the need to preserve the judge's independence requires a grant of absolute immunity. The same policy requires us to hold a court appointed psychiatrist immune. Even if Dr. Parwatikar conspired to find Moses competent to stand trial, this suit for damages should be barred because conspiracy is nothing more than a specific act of corruption.

This is not to say that Moses lacks a remedy. To the contrary, if at the time of his guilty plea he was incompetent, then he should challenge his conviction on that ground.[6] Also, if it can be established that Dr. Parwatikar has a predetermined opinion on patients sent to him by the state, then the appropriate authorities should take whatever corrective measures are deemed necessary. In any event, however, a suit for monetary damages is improper.

### III. CONCLUSION

Because we find that Dr. Parwatikar is absolutely immune from suit and because pleading a conspiracy does not pierce the immunity, the order of the district court is affirmed.

2. *Holloway v. Walker,* 765 F.2d 517, 523 (5th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985).

3. *Dykes v. Hosemann,* 776 F.2d 942, 946 (11th Cir.1985).

4. In *White v. Bloom,* 621 F.2d 276 (8th Cir.), *cert. denied,* 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980) this court found a judge absolutely immune despite an allegation of conspiracy, but the issue was not squarely addressed in the opinion. *See also Van Sickle v. Holloway,* 791 F.2d 1431, 1435 (10th Cir.1986); *Glick v. Koenig,* 766 F.2d 265, 269 (7th Cir.1985).

5. *Beard v. Udall,* 648 F.2d 1264, 1269–70 (9th Cir.1981); *Rankin v. Howard,* 633 F.2d 844, 847 (9th Cir.1980), *cert. denied,* 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981).

6. We express no opinion on the merits of such a claim.