Charles M. ANDERSON, Plaintiff,

v.

Henry C. MACKALL, et al.,
Defendants.

Civ. A. No. 87–0173–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 17, 1988.

---

Charles M. Anderson, pro se.

Paula M. Potoczak, Asst. U.S. Atty., Alexandria, Va., for Judge Bryan.

Glenn H. Silver, Fairfax, Va., for Henry Mackall and Mackall, Mackall, Walker & Gibb.

Peter R. Messitt, Asst. Atty. Gen., Richmond, Va., for Whitmore, Harp, Daniel, Hirsch, Middleton, Griffith and Fortkort.

Douglas M. Coleman, Alexandria, Va., for Orndorff, Dawson, Johnson, Platt & Dawson.

Donald L. Bowman, Leesburg, Va., for Bowman, Bowman Law Office, Vannoy and American Paving.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the court on the Request for Sanctions filed by defendants, Donald L. Bowman, the law office of Donald L. Bowman, Eugene Vannoy, American Paving & Construction Company, Henry C. Mackall, the law firm of Mackall, Mackall, Walker & Gibb, Eleanor Orndorff, Joy R. Dawson, Rebekah Johnson, and Platt and Dawson.

I

### Background

Plaintiff Charles M. Anderson instituted this suit alleging a violation of 42 U.S.C. §§ 1983 and 1985, and seeking injunctive and monetary relief for alleged judicial and lay conspiracy to deprive him of due process. The plaintiff alleges misconduct by defendants in connection with several actions pending in the Fairfax County Circuit Court. He has also sued Judge Bryan of this court. Defendants Middleton, Griffith and Fortkort are Fairfax County Circuit Judges. Defendant Whitmore is a Clerk of that Court. Defendants Daniel and Hirsch are Assistant Bar Counsel. Defendant Henry C. Mackall was the Commissioner of Chancery, appointed by the Fairfax County Circuit Court, who heard a dispute involving Mr. Anderson. The law firm of Mackall, Mackall, Walker & Gibb, are attorneys. Defendants Orndorff, Dawson, Platt & Dawson are court reporters who allegedly falsified a transcript. Defendant Donald L. Bowman, and the law office of Donald L. Bowman, are counsel for Eugene Vannoy, and American Paving & Construction Company. They were involved in a Fairfax County lawsuit which gives rise to this dispute.

On February 5, 1985, this court dismissed the plaintiff's Complaint with prejudice as to all defendants. Defendants Bowman, the Bowman Law Office, Eugene Vannoy, and American Paving Construction Company, Henry C. Mackall, the law firm of Mackall, Mackall, Walker, & Gibb,

Eleanor Orndorff, Joy R. Dawson, Rebekah Johnson, Platt & Dawson have moved for sanctions against the plaintiff.

Plaintiff, in response to the Request for Sanctions, argues that the imposition sanctions against him would have a chilling effect on him, and that he was not prepared orally on February 5, 1988, due to Judge Hilton's Order from the bench on December 11, 1987.[1] This court has reviewed the plaintiff's pleadings and has given him every opportunity to be heard.

## II

As an initial matter, the court recognizes that in the determination of whether sanctions are warranted, Anderson's status as an attorney bars him from receiving the same deference as a *pro se* litigant. *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C.Cir.1983).

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ..., and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

Under Rule 11, an attorney is under an affirmative duty to conduct a reasonable investigation of the facts and the law prior to submitting any pleading, motion or paper.

This case is an ongoing saga of the plaintiff suing opposing attorneys, presiding judges, court clerks and court reporters. Research would have indicated to the plaintiff that the defendants' attorneys, acting within the scope of their client's representation, are not liable under 42 U.S.C. § 1983 (1982) because they were not acting "under color of state law." *Dahlberg v. Becker*, 748 F.2d 85 (2nd Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985); *Skolnick v. Spolar*, 317 F.2d 857, *cert. denied*, 375 U.S. 904, 84 S.Ct. 195, 11 L.Ed.2d 145 (1963). It appears that Mr. Anderson sues anyone who opposed him or had involvement with the Fairfax lawsuit. Thus, plaintiff's suit was not warranted by existing law. *See Aller v. New York Bd. of Elections*, 586 F.Supp. 603 (S.D.N.Y.1984) (Plaintiffs unable to offer any legal support or factual foundation for the constitutional deprivations alleged). Fees and costs have also been awarded against an attorney for filing a suit against a judge who had absolute immunity. *Chu By Chu v. Griffith*, 771 F.2d 79 (4th Cir. 1985).

## III

Rule 11 of the Federal Rules of Civil Procedure further provides:

> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Under Rule 11, the court has a variety of sanctions it can use including reprimand and monetary awards. *See* Schwarzer, *Sanctions Under the New Federal Rule 11: A Closer Look*, 104 F.R.D. 181, 201–204 (1985). Since Anderson is not a practicing attorney, a reprimand would serve no useful purpose. Therefore, attorneys fees shall be awarded.

---

1. Plaintiff has also stated in his opposition that this court is prejudiced in this matter. While this court, in the previous cases of *Anderson v. Mackall*, 87–0609–A and *Anderson v. Sickels, et al.*, 87–0801–A, imposed sanctions against Mr. Anderson, these prior rulings have no effect on this court's judgment to rule on the issues in this case. *See* 46 AmJur2d Judges § 180; 21 ALR3d 1369, 1371. This court has no bias or prejudice towards Mr. Anderson.

■ As for injunctive relief, the All Writs Act, 28 U.S.C. § 1651(a) (1982), gives federal courts the general power to enjoin a litigant from filing frivolous lawsuits. Courts should enter injunctions, to protect the efficient administration of justice from frivolous lawsuits. *In re Martin–Trigona,* 573 F.Supp. 1245 (D.Conn.1983), *aff'd.* 737 F.2d 1254 (2nd Cir.1984); *Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986). However, the protection of federal jurisdiction from frivolous lawsuits does not allow a federal court to enjoin the plaintiff from bringing actions in state court. *In re Martin–Trigona,* 737 F.2d at 1262. Therefore, the injunction is limited to Anderson's actions in federal court. The court believes if an injunction is not granted, plaintiff will undoubtedly continue to file meritless lawsuits.

It appears to this court that any judge, or opposing party who are involved in a lawsuit with Mr. Anderson, end up becoming defendants in a civil rights complaint. As each judge and lawyer becomes involved in the case, he or she becomes a potential defendant. Plaintiff has expanded his list to include court clerks and court reporters. This behavior must be discouraged. Therefore, the court will award attorneys' fees as a sanction against the plaintiff.[2]

As to Donald L. Bowman, the law office of Donald L. Bowman, Eugene Vannoy, and American Paving & Construction Co., the court finds that the counsel fees of five hours at $85.00 per hour, totalling $425.00 to be reasonable, plus the mileage $13.00. Accordingly, the court will award Donald L. Bowman, the law office of Donald L. Bowman, Eugene Vannoy, and American Paving & Construction Co., judgment in the amount of $438.00.

As to Henry C. Mackall, and the law firm of Mackall, Mackall, Walker & Gibb, the court finds that the $750.00 fee requested by Mr. Silver at five hours at $150.00 per hour to be fair and reasonable. As to defendants Eleanor Orndorff, Joy R. Dawson, Rebekah Johnson, Platt & Dawson,

they seek $2,000.00 for nineteen hours of attorneys' time, and miscellaneous expenses. The court finds that the amount requested to be excessive, and accordingly will award the sum of $1,000.00 to compensate these defendants as reasonable fees.

Accordingly, an appropriate Order shall issue.

---

**2.** The court acknowledges that it is familiar with the work of all the attorneys who have filed for fees.