United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 97-2704

_____

Glenn R. Waite, M.D.,                          *
                                               *
            Appellant,                         *
                                               *    Appeal from the United States
      v.                                       *    District Court for the
                                               *    District of Nebraska.
Judge Richard D. Sievers; Judge D.             *
Nick Caporale; Lanet S. Asmussen,              *          [UNPUBLISHED]
                                               *
            Appellees.                         *

_____

Submitted:  December 5, 1997

Filed:  December 23, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.


        Glenn R. Waite, brought an action seeking damages under 42 U.S.C. §§ 1983 and 1985(3) against two Nebraska judges and a Nebraska court clerk.  Waite claimed the defendants individually, and in conspiracy, denied him access to the courts and equal protection by refusing to file his pleading seeking to reopen an appeal in which the mandate had issued nearly three years earlier, and by concealing the judicial determination that such post-mandate pleadings would not be filed.  Waite also sought

declaratory relief. The district court[1] granted summary judgment to defendants based on absolute judicial and quasi-judicial immunity, and denied declaratory relief. Waite appeals.

We conclude summary judgment was proper. The evidence showed the defendant judges acted within their judicial capacity and jurisdiction regarding the post-mandate document and notification to Waite of the procedure being followed. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (discussing parameters of judicial immunity). The evidence also established the defendant clerk acted at the judges' direction. See Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988) (clerks absolutely immune from actions for damages arising from acts that "they are specifically required to do under court order or at judge's direction"). Furthermore, any conspiracy claim against defendants cannot overcome the bar of absolute immunity. See Moses v. Parwatikar, 813 F.2d 891, 892-93 (8th Cir.), cert. denied, 484 U.S. 832 (1987). We agree Waite was not entitled to declaratory relief with respect to the procedure the judges followed in his case.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.