United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1463

_____

| | | |
|---|---|---|
| Glenn R. Waite, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Lanet S. Asmussen, Clerk of the | * | District Court for the |
| Nebraska Supreme Court; Janice J. | * | District of Nebraska. |
| Culver, Deputy Clerk; Pamela J. Kraus, | * | |
| Appellate Clerk; Jill R. Machacek, | * | [UNPUBLISHED] |
| Appellate Clerk, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  December 5, 1997

Filed:  December 23, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.


Glenn R. Waite brought a 42 U.S.C. §§ 1983 and 1985(3) action against four Nebraska court clerks.  Waite claimed the clerks individually, and in conspiracy, denied him access to the courts and equal protection by refusing to file his pleading seeking

to reopen an appeal in which the mandate had issued nearly three years earlier. The district court[1] granted defendants summary judgment based on absolute quasi-judicial immunity. Waite appeals.

We conclude summary judgment was proper, as the evidence showed the clerks were directed by Nebraska judges not to file Waite's pleading. See Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988) (clerks of court have absolute quasi-judicial immunity from actions for damages arising from acts that "they are specifically required to do under court order or at a judge's direction"); Moses v. Parwatikar, 813 F.2d 891, 892-93 (8th Cir.) (conspiracy claim cannot overcome absolute immunity), cert. denied, 484 U.S. 832 (1987). The district court did not abuse its discretion in denying Waite leave to amend his complaint after the summary judgment motion was filed. See Wald v. Southwestern Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1005 (8th Cir. 1996) (standard of review).

We deny Waite's request for leave to file a Federal Rule of Civil Procedure 60(a) motion in the district court, because we consider the continuance motion he wanted transmitted to this court to already be part of the record on appeal. We find no abuse of discretion in the district court's refusal to continue the case to permit Waite to conduct discovery prior to entry of summary judgment. See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 113 F.3d 1484, 1489 (8th Cir. 1997) (standard of review).

Accordingly, we affirm.

---

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.