## William GATTER and Marie Parrott Gatter, Plaintiffs,

### v.

## Richard ZAPPILE, et al., Defendants.

### No. CIV.A. 88–2320.

United States District Court, E.D.Pennsylvania.

July 2, 1999.

Joan Gaughan Atlas, Koral, Kahn & Koral, PC, Philadelphia, PA, for William Gatter, Marie Parrott Gatter, Plaintiffs.

---

Peter D. Winebrake, City of Philadelphia Law Dept., Philadelphia, PA, for Richard Zappile, Aloysius Martin, Police Officer, Internal Affairs Division, John Norris, Police Officer, Internal Affairs Division, John McGrath, Cynthia O'Leary, City of Philadelphia, defendants.

Linda L. Shafer, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for James Danbach, James Williamson, Special Agent, defendants.

## MEMORANDUM and ORDER

KATZ, Senior District Judge.

In this § 1983 action, two of the defendants, police officers John McGrath and Cynthia O'Leary, move for dismissal pursuant to Federal Rule of Procedure 12(b)(6).

### Background [1]

Plaintiff William Gatter, a retired police sergeant, was indicted and later acquitted at trial on a perjury charge based on his testimony to a federal grand jury that he did not remember anything about an incident in which another police officer named Michael Vassallo allegedly beat an arrestee. Generally, plaintiff alleges that the Internal Affairs Division and the federal/city Joint Task Force on Police Corruption manufactured the charges against Vassallo and then threatened others, including plaintiff, with perjury charges to induce witnesses to testify falsely against Vassallo. Plaintiff claims that as punishment for his unwillingness to go along with the trumped-up accusations against Vassallo, the Task Force indicted him too. He further alleges that this was the Task Force's modus operandi and that the regularity of the conduct constitutes a policy of the Department for which the City can be held liable.

Moving defendants McGrath and O'Leary were the officers manning the patrol wagon in the back of which the beating was alleged to have occurred, and they testified at the grand jury that they complained on the scene to plaintiff about Vassallo's conduct. Plaintiff's grand jury testimony was that he remembered nothing about the incident, and the difference between his testimony and theirs formed the basis for the perjury charge against him. In this case plaintiff alleges, "Defendants McGrath and O'Leary entered into an agreement to provide testimony ... to supply the basis for [plaintiff's] indictment." Compl. ¶ 27.

The complaint contains seven counts, each of which is apparently alleged against all the defendants: Counts I and II violations of plaintiff's civil rights (presumably a § 1983 claim, although the complaint does not say so, and it is not clear what the difference is between the two counts), Count III false arrest, Count IV malicious prosecution (it is not clear whether III and IV purport to be state law claims or § 1983 claims), Count V conspiracy (again, the complaint does not specify whether it is common law or § 1985), Count VI infliction of emotional distress (based on the allegation that the defendants "were malicious and extraordinarily vindictive," Compl. ¶ 54, the claim is apparently for intentional infliction), and Count VII loss of consortium by Mrs. Gatter.

McGrath and O'Leary presently move to dismiss all the claims against them, arguing that they are absolutely immune from

---

judicial forum. 20 C.F.R. §§ 404.955, 404.981.

**1.** Defendant argues that plaintiff has failed to state a claim upon which relief may be granted. For the purposes of a 12(b)(6) motion to dismiss a complaint, this court must accept as true all the allegations of fact in plaintiffs' complaint, must construe the complaint in the light most favorable to plaintiffs, and must determine whether, under any reasonable reading of the pleadings, plaintiffs may be entitled to relief. *See Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). The court does not inquire as to whether plaintiffs will ultimately prevail, only whether they are allowed to present evidence to support their claims. The motion to dismiss should be granted only if it appears that the plaintiffs could prove no set of facts that would entitle them to relief. *See id.* Accordingly, all the facts recited here are taken from plaintiffs' complaint.

civil liability arising from giving testimony. Plaintiff has not responded within the time required by the Local Rules, and thus the motion could be granted as uncontested. *See* Loc. R. Civ. P. 7.1(c). Additionally, the court has considered the merits of the argument and concludes that defendants' argument succeeds on the merits as well.

*Discussion*

■ In *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the Supreme Court ruled that a police officer who gives false testimony at trial cannot be held liable for a § 1983 violation. The Court reasoned that it was sound policy to grant police officers the same absolute immunity the common law granted lay witnesses in the same situation:

> Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties. Section 1983 lawsuits against police officer witnesses, like lawsuits against prosecutors, "could be expected with some frequency." Police officers testify in scores of cases every year and defendants often will transform resentment at being convicted into allegations of perjury by the state's official witnesses.

*Id.* at 343, 103 S.Ct. 1108, *quoting Imbler v. Pachtman,* 424 U.S. 409, 425, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *see also Williams v. Hepting,* 844 F.2d 138, 142 (3d Cir.1988) (holding that the immunity covers testimony given in pre-trial proceedings as well as at trial).

■ *Briscoe*'s absolute witness immunity extends to immunize witnesses from claims that they conspired to commit perjury. In *McArdle v. Tronetti,* 961 F.2d 1083 (3d Cir.1992), the plaintiff, an attorney, was involuntarily committed to a psychiatric institution while serving a prison sentence for disorderly conduct. He later sued the prison physician and prison counselor who testified at his committal hearing that he was a paranoid schizophrenic.

The Third Circuit held that the defendants were absolutely immune with respect to allegations that they gave false testimony and that they conspired to do so. *See id.* at 1085. The court explained, "We agree with the district court and the other circuits that have addressed this issue that if persons are immune from section 1983 liability for their acts by virtue of their function in the judicial process, they must be immune from Section 1983 for liability for conspiring to do those acts," *Id.* This holding accords with those of the majority of other Circuits, which extend witness liability to allegations of conspiracy. *See Jones v. Cannon,* 174 F.3d 1271, 1288–89 (11th Cir.1999); *House v. Belford,* 956 F.2d 711, 720 (7th Cir.1992); *Miller v. Glanz,* 948 F.2d 1562, 1570–72 (10th Cir.1991); *Alioto v. City of Shively,* 835 F.2d 1173, 1174 (6th Cir.1987); *Moses v. Parwatikar,* 813 F.2d 891, 892–93 (8th Cir.1987). *But see San Filippo v. U.S. Trust Co.,* 737 F.2d 246, 255 (2d Cir.1984) ("*Briscoe* [ ] was expressly limited to immunity for testimony given in judicial proceedings, and its rationale— to encourage witnesses to come forward with all they know—does not justify extending that immunity to cover extra-judicial conspiracies between witnesses and the prosecutor to give false testimony."); *Malachowski v. City of Keene,* 787 F.2d 704, 712 (1st Cir.1986), (stating in dicta that an officer's witness immunity "may not extend to allegations that he filed a false delinquency petition as part of an overarching conspiracy with other appellees to deprive [parents] of [child's] custody").

■ Pennsylvania's common law grants witnesses the same absolute immunity. "[A] witness in a judicial proceeding is absolutely protected against any civil action that is premised upon communications that are pertinent and relevant and made in the course of a judicial proceedings." *Clodgo v. Bowman,* 411 Pa.Super. 267, 601 A.2d 342, 344 (1992). The Pennsylvania Supreme Court explained, "The privilege exists because there is a realm of commu-

nication essential to the exploration of legal claims that would be hindered were there not the protection afforded by the privilege." *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351, 355 (1986).

This immunity has been construed by Pennsylvania courts to apply to all tort claims arising from giving testimony: "While it is true that immunity from civil liability in judicial proceedings has been applied most frequently in defamation actions, many courts, including those in Pennsylvania, have extended the immunity to other alleged torts when they occur in connection with judicial proceedings." *Moses v. McWilliams*, 379 Pa.Super. 150, 549 A.2d 950, 957 (1988) (applying the privilege to a claim of breach of confidentiality by a doctor's testimony in patient's malpractice case, and citing cases applying the privilege to claims of, inter alia, civil conspiracy, assault and battery, mutilation of a corpse, intentional infliction of emotional distress, and malicious use and abuse of process). Likewise, in *Clodgo*, the court cited *Moses* and decided, "Our precedent is clear. The form of the cause of action is not relevant to application of the privilege. Regardless of the tort contained in the complaint, if the communication was made in connection with a judicial proceeding and was material and relevant to it, the privilege applies." *Clodgo*, 601 A.2d at 345 (applying privilege to medical malpractice claim based on doctor's prior erroneous testimony in a paternity proceeding); *see also Panitz v. Behrend*, 429 Pa.Super. 273, 632 A.2d 562, 564 (1993) (stating that the immunity "has now been extended to include all tort actions based on statements made during judicial proceedings").

*Conclusion*

█ The complaint's only allegations against defendants McGrath and O'Leary are based on their allegedly false testimo-

ny. The complaint cannot reasonably be read to allege anything else against them. Based on the absolute immunity granted to witnesses for all civil claims stemming from their in-court testimony, each count of plaintiffs' complaint fails to state a claim.[2] An appropriate Order follows.

### ORDER

**AND NOW,** this 2nd day of July, 1999, upon consideration of Defendants John McGrath and Cynthia O'Leary's Motion to Dismiss, and with the motion deemed uncontested pursuant to Local Rule of Civil Procedure 7.1(c), it is **ORDERED** that the motion is **GRANTED** for the reasons set forth in the preceding Memorandum.

---

2. Each of the first six are resolved by the above discussion, and the loss of consortium claim in Count VII is derivative and thus fails with the others. Defendants' motion raises other arguments with regard to various of the claims, but the court does not reach those arguments in ruling.