UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1846

DAVID K. EVERSON; PATRICIA M. EVERSON,

Plaintiffs - Appellants,

versus

RICHARD L. DOUGHTON, Individually and in His
Official Capacity as Justice of the Superior
Court of Alleghany/Rockingham County, North
Carolina,

Defendant - Appellee.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. James A. Beaty, Jr., Chief
District Judge. (1:06-cv-01033-JAB)

Submitted: January 9, 2008          Decided: January 23, 2008

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David K. Everson, Patricia M. Everson, Appellants Pro Se. Grady L.
Balentine, OFFICE OF THE ATTORNEY GENERAL, Raleigh, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David K. and Patricia M. Everson appeal the district court's orders granting Richard L. Doughton's motion to dismiss the Eversons' 42 U.S.C. §§ 1981 and 1983 (2000) complaint. The district court found the Eversons' claims were barred by absolute judicial immunity and the Eleventh Amendment. The Eversons challenge both of the district court's findings. We have reviewed the record, the parties' informal briefs, and the district court's orders and find no reversible error. Accordingly, we affirm.

Judges enjoy absolute judicial immunity from damages liability for judicial acts unless done "in clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). In making this determination, "the scope of the judge's jurisdiction must be construed broadly." Id. at 456. And a judge may "not be deprived of immunity because the action [taken] was in error, was done maliciously, or was in excess of his authority." Id.; see also Chu v. Griffith, 771 F.2d 79 (4th Cir. 1985). We have identified two important factors for consideration: whether the function is one normally performed by a judge and whether the parties dealt with the judge in his or her judicial capacity. King v. Myers, 973 F.2d 354, 357 (4th Cir. 1992).

The Eversons' only assertion is that Doughton wrongly decided the state court action. As a judge on the state superior

court, Doughton had authority to consider that action and he is immune from suits arising from those acts.

The Eleventh Amendment provides, in pertinent part, that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted by one of the United States by Citizens of another State." The Eversons correctly note that the Eleventh Amendment does not bar suits seeking damages from government officials in their individual capacities. See S.C. State Ports Auth. v. Fed. Mar. Comm'n, 243 F.3d 165, 170 (4th Cir. 2001). However, this principle does not aid the Eversons because the only conduct the Eversons challenge is Doughton's disposition of state court proceedings. Therefore, the district court properly dismissed the action as being barred by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "is no different from a suit against the State itself."). Accordingly, the Eleventh Amendment also bars the Eversons' claims.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -