201 F.3d 1098 (9th Cir. 2000)
 GEORGE FRANKLIN, Plaintiff-Appellant,
v.
LENORE TERR, JIM FOX, ELAINE TIPTON, MARTIN MURRAY, ROBERT MORSE, BRYAN CASSANDRO, SGT. JOHN CUNEO, KIRK BARRETT, EILEEN OPINION FRANKLIN-LIPSKER, SAN MATEO COUNTY, and DOES 1-100, Defendants-Appellees.
 No. 98-16843
 FOR PUBLICATION UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted December 9, 1999
Filed February 2, 2000
 
 Andrew C. Schwartz, Casper, Meadows, & Schwartz, Walnut Creek, California; Dennis P. Riordan and Dylan L. Schaffer, Riordan & Rosenthal, San Francisco, California, for the plaintiff-appellant.
 Peter J. Zomber and David J. Ozeran, La Follette, Johnson, De Haas, Fesler & Ames, Los Angeles, California, for defendant-appellee Kirk Barrett.
 Donald J. Putterman, Rachel Wagner, and Barry W. Strike, Sideman & Bancroft; San Francisco, California, and Jon B. Eisenberg, Horvitz & Levy, Encino, California, for defendantappellee Lenore Terr.
 Appeal from the United States District Court for the Northern District of California
 Before: Joseph T. Sneed, Harry Pregerson and William A. Fletcher, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 A witness has absolute immunity from liability for civil damages under S 1983 for giving perjured testimony at trial. See Briscoe v. LaHue, 460 U.S. 325, 326 (1983). In this case of first impression, we must decide whether a witness also has absolute immunity from liability for civil damages under S 1983 for conspiring to present her own and another witness's perjured testimony at trial. The district court held that a witness has such immunity. See Franklin v. Terr, No. 972443, 1998 WL 230983, at *1 (N.D. Cal. Apr. 30, 1998). We agree and affirm.
 
 I.
 
 2
 In 1989, Eileen Franklin-Lipsker ("Franklin-Lipsker") accused her father, George Franklin ("Franklin"), of murdering her childhood friend Susan Nason twenty years earlier. Franklin-Lipsker based her accusation on a memory that she claimed was previously repressed but recently recovered. Franklin was tried and convicted of first degree murder by a jury in California state court.
 
 
 3
 In 1995, the federal district court granted Franklin's petition for habeas corpus because it concluded that several constitutional errors had occurred during his trial.[1] See Franklin v. Duncan, 884 F. Supp. 1435, 1448 (N.D. Cal. 1995), aff'd, 70 F.3d 75 (9th Cir. 1995). The following year, the San Mateo District Attorney's office dismissed the charges against Franklin because it determined that there was insufficient evidence to retry him. Franklin then filed suit under 42 U.S.C. S 1983 against a number of defendants, alleging violations of his civil rights in connection with his murder trial and conviction. Only the allegations in the amended complaint involving Kirk Barrett and Lenore Terr are before us in this appeal.
 
 
 4
 Kirk Barrett was Franklin-Lipsker's therapist. Franklin Lipsker first disclosed her recovered memory of the Nason murder to Barrett during her third therapy session. At Franklin's trial, the defense subpoenaed Barrett to testify about the therapy he provided to Franklin-Lipsker. Franklin's amended complaint alleges that Barrett conspired with several other witnesses to testify falsely that he did not hypnotize FranklinLipsker during her therapy.
 
 
 5
 Lenore Terr is a psychiatrist who practices in general and child psychiatry. The prosecution called Lenore Terr to testify as an expert witness on childhood trauma and its effect on memory. Franklin's amended complaint alleges that (1) Terr conspired with others, including the prosecutor, to testify falsely at trial, and (2) Terr conspired with Franklin-Lipsker to have Franklin-Lipsker testify falsely at trial.
 
 
 6
 Terr and Barrett filed motions to dismiss, asserting that they were absolutely immune from civil suit underS 1983 for perjury or conspiring to commit perjury in Franklin's criminal trial. Barrett also asserted that Franklin's allegations against him were insufficient to state a S 1983 claim.
 
 
 7
 The district court held that Barrett and Terr were absolutely immune from suit and granted their motions to dismiss without leave to amend. In so ruling, the court relied on decisions of the Sixth, Seventh, Eighth, and Tenth Circuits that held that a plaintiff cannot defeat a testifying witness's absolute immunity for perjured testimony by alleging that the witness also engaged in a conspiracy to present perjured testimony. See Franklin v. Terr at *1 (citing Miller v. Glanz, 948 F.2d 1562, 1570-71 (10th Cir. 1991); Wilkins v. May, 872 F.2d 190, 192 (7th Cir. 1989); Alioto v. City of Shively, Kentucky, 835 F.2d 1173, 1174 (6th Cir. 1987); Moses v. Parwatikar , 813 F.2d 891, 892-93 (8th Cir. 1987)). Because it dismissed the claims against both defendants on immunity grounds, the district court did not decide whether the allegations against Barrett were sufficient to state a claim under S 1983. Franklin timely appeals.
 
 
 8
 We granted Franklin's application to proceed with this interlocutory appeal pursuant to 28 U.S.C. S 1292(b). A dismissal without leave to amend is reviewed de novo. See San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998). We affirm the district court's dismissal of the S 1983 claim against Barrett, but on different grounds.[2] We hold that Franklin failed to state a S 1983 claim against Barrett. We also affirm the district court's dismissal of the S 1983 claim against Terr on the same grounds as the district court and we hold that Terr has absolute immunity from damages liability in a S 1983 action for conspiring to present false testimony at a criminal trial.
 
 II.
 A. Kirk Barrett's Motion to Dismiss
 
 9
 To state a claim under 42 U.S.C.S 1983, a plaintiff must allege that (1) he or she was deprived of a right secured by the Constitution or federal law; and (2) the defendant acted "under color of state authority" in depriving the plaintiff of this right. See Hafer v. Melo, 502 U.S. 21, 25 (1991). An allegation that a private person conspired with a state official satisfies the requirement that a defendant act under color of state authority. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970) (holding that a conspiracy with a state official is sufficient to satisfy the state action requirement of S 1983); United Steelworkers of America v. Phelps Dodge Corp. , 865 F.2d 1539, 1540 (9th Cir. 1989) (holding that "[p]rivate parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights").
 
 
 10
 Here, Franklin failed to allege that Barrett acted under color of state authority. Franklin's amended complaint states, "Defendant Franklin-Lipsker, her husband Barry Lipsker, Janice Franklin and defendant Barrett agreed to deny that Eileen [Franklin-Lipsker] and [her sister ] Janice had been hypnotized by Barrett, and if necessary, to lie under oath to the same effect," and "in order to assist the prosecution, defendant Barrett falsely testified that he had not hypnotized defendant Franklin-Lipsker." These allegations are insufficient to state a claim against Barrett because Franklin failed to allege that Barrett conspired with a state official or acted under color of state authority in any way. Thus, we dismiss Franklin's complaint against Barrett for failure to state a S 1983 claim.
 
 B. Lenore Terr's Motion to Dismiss
 
 11
 Terr argues that she is immune from liability for damages under S 1983 for testimony given at Franklin's trial, under the rule articulated in Briscoe. We agree that the rationale of Briscoe applies to this case.
 
 
 12
 The specific question before the court in Briscoe was "whether a police officer who commits perjury during a state court criminal trial should be granted absolute immunity from civil liability under 42 U.S.C. S 1983." Briscoe, 460 U.S. at 328 n.5. The Court in Briscoe decided appeals of two separate cases. In the first case, petitioner Briscoe was convicted of burglary and subsequently filed a S 1983 complaint against a police officer who testified against him at trial. See id. at 32627. Briscoe alleged the officer had violated his constitutional right to due process by committing perjury in the criminal proceedings leading to his conviction. See id . at 326. In the second case, two petitioners who were jointly tried and convicted of sexual assault subsequently brought S 1983 actions against a police officer who testified against them. See id. They alleged that the officer's false testimony deprived them of their constitutional rights to due process and a fair trial. See id. The Court held that "witnesses are absolutely immune from damages liability based on their testimony. " Id. at 326. The Court stated "[a]t least with respect to private witnesses, it is clear that S 1983 did not abrogate the absolute immunity existing at common law . . . ." See id. at 334.
 
 
 13
 In the instant case, Franklin is attempting to circumvent Terr's absolute witness immunity by alleging that Terr conspired with others to present false testimony. We are persuaded that allowing a plaintiff to circumvent the Briscoe rule by alleging a conspiracy to present false testimony would undermine the purposes served by granting witnesses absolute immunity from damages liability under S 1983. Absolute witness immunity is based on the policy of protecting the judicial process and is "necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." See id. at 334-35 (citing Butz v. Economou, 438 U.S. 478, 512 (1978)). As the Court stated in Briscoe, "[a] witness's apprehension of subsequent damages liability might induce two forms of self censorship. First, witnesses might be reluctant to come forward to testify. And once a witness is on the stand, his testimony might be distorted by the fear of subsequent liability." See Briscoe, 460 U.S. at 333 (internal citations omitted). Moreover, as the district court correctly observed, "[a]ny other holding would eviscerate absolute immunity since a witness rarely prepares her testimony on her own." Franklin, 1998 WL 230983, at *1.
 
 
 14
 Franklin alleges that Terr conspired with FranklinLipsker by interviewing her before Franklin's trial and by then incorporating information obtained from those interviews into her own testimony. Franklin also alleges that Terr provided Franklin-Lipsker "with a description of the sort of details that would make her testimony more persuasive, which Franklin-Lipsker then incorporated into her continually evolving `recollection' of the Nason murder." The ostensible purpose of this conspiracy was to ensure that one person's testimony did not contradict the other's testimony. But because Terr's alleged conspiratorial behavior is inextricably tied to her testimony, we find that she is immune from damages. We are not presented with, and do not decide, the question whether S 1983 provides a cause of action against a defendant who conspired to present the perjured testimony of another but who did not testify as a witness herself.
 
 
 15
 In concluding that the rule of Briscoe applies to allegations of conspiracy to commit perjury by someone who has testified as a witness in the proceeding where the perjury took place, or was to take place, we join six circuits that have reached the same conclusion. See Jones v. Cannon, 174 F.3d 1271, 1289 (11th Cir. 1999) (holding that "[t]o allow aS 1983 claim on subornation of perjured testimony where the allegedly perjured testimony itself is cloaked in absolute immunity would be to permit through the back door what is prohibited through the front"); Watterson v. Page, 987 F.2d 1, 9 (1st Cir. 1993) (holding that an allegation that a psychologist and a state social worker conspired to present false testimony and withhold material evidence from the court failed because all witnesses at judicial proceedings have an absolute immunity from damages liability based on their testimony); Miller, 948 F.2d at 1562 (10th Cir.) (holding that the safeguards of judicial process discussed in Briscoe, which decrease the likelihood that perjured testimony will significantly harm or alter a just outcome at trial, also apply to attempted conspiracies to give perjured testimony); Wilkins, 872 F.2d at 192 (7th Cir.) (holding that S 1983 plaintiff's attempt to circumvent witnesses' absolute immunity by charging them with conspiracy to convict him of a crime by giving perjured testimony is facile and must fail); Moses, 813 F.2d at 893 (8th Cir.) (holding that a court-appointed psychiatrist was entitled to absolute immunity because allowing a plaintiff to defeat the doctrine of absolute immunity by pleading a conspiracy would create an exception where none was intended); Alioto, 835 F.2d at 1174 (6th Cir.) (holding that the witness immunity doctrine of Briscoe also shields from liability alleged conspiracies to give false and incomplete testimony in judicial proceedings). Only the Second Circuit has reached a contrary conclusion. See Dory v. Ryan, 25 F.3d 81, 84 (2d Cir. 1994) (declining to give witness absolute immunity for extra-judicial action of conspiring to convict Dory on the basis of perjured testimony); San Filippo v. U.S. Trust Co., 737 F.2d 246, 255 (2d Cir. 1984) (holding that Briscoe was expressly limited to immunity for testimony given in judicial proceedings, and that its rationale, to encourage witnesses to come forward with all they know, did not justify extending immunity to cover extrajudicial conspiracies between witnesses and the prosecutor to give false testimony).
 
 III.
 
 16
 We affirm the district court's decision granting Terr and Barrett's motions to dismiss. We hold that Franklin failed to state a claim against Barrett. We also hold that Terr is absolutely immune from S 1983 liability for civil damages based on the allegation that she conspired to present her own and another witness's perjured testimony at Franklin's criminal trial. AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 The district court held that: (1) Franklin's Sixth Amendment right to counsel was violated when Franklin-Lipsker visited Franklin in jail with the approval and practical support of the prosecutor; (2) Franklin's Fifth Amendment privilege against self-incrimination was violated when the state trial court admitted evidence that Franklin, who had been given his Miranda rights, remained silent when Franklin-Lipsker accused him of the murder during a visit in jail; and (3) Franklin's due process rights were violated when the trial court failed to admit into evidence newspaper articles written after the murder in 1969 that were offered to show that Franklin-Lipsker could have learned of the facts about which she testified by reading the old articles and not from witnessing the murder.
 
 
 [2]
 The Court of Appeals can affirm on any grounds supported by the record. See Recording Industry Ass'n of America v. Diamond Multimedia Sys., Inc., 180 F.3d 1072, 1077 (9th Cir. 1999).