**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danny Noe ESCALANTE,**
**Defendant–Appellant.**

**No. 00–10546.**

**D.C. No. CR–s–99–404–PMP (RLH).**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2001.

Decided Aug. 28, 2001.

Before HALL, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM *

Appellant Danny Noe Escalante appeals his conviction and sentence for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). He argues that (i) the district court erroneously denied his motion to suppress evidence obtained dur-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ing an illegal protective sweep; (ii) the district court erroneously granted the Government's motion in limine to preclude his affirmative defense of justification; and (iii) the Government breached the plea agreement. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for resentencing.

1. Escalante fails to establish that the protective sweep was unlawful under *Maryland v. Buie*, 494 U.S. 325, 327, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). After reviewing the record in its entirety, we cannot say that the district court clearly erred when it concluded that the circumstances presented to the officers constituted an emergency situation in which the officers possessed a reasonable belief based on articulable facts that the residence posed a danger to those on the arrest scene, thus justifying a warrantless entry to conduct a protective sweep. *See United States v. Gardner*, 627 F.2d 906, 909 (9th Cir.1980) ("Assuming that the district court applied the correct legal standard, its findings concerning whether the exigencies faced by the agents justified the protective sweep search can be reversed only if they are clearly erroneous.").

■ Because we "can affirm on any grounds supported by the record," *see, e.g., Franklin v. Terr*, 201 F.3d 1098, 1100 n. 2 (9th Cir.2000) (citing *Recording Industry Ass'n of America v. Diamond Multimedia Sys., Inc.*, 180 F.3d 1072, 1077 (9th Cir.1999)), an alternate basis for our holding is that the search of Escalante's home was justified by the emergency doctrine. The emergency doctrine provides that "if a police officer, while investigating within the scope necessary to respond to an emergency, discovers evidence of illegal activity, that evidence is admissible even if there was not probable cause to believe that such evidence would be found." *United States v. Cervantes*, 219 F.3d 882, 888

(9th Cir.2000). Here, when the police officers entered Escalante's home, they had reasonable grounds to believe an emergency was at hand. Gun shots had been reported by a neighbor outside of Escalante's house; juveniles were milling around outside the house; and Escalante had openly defied police orders to "freeze" when he took his shotgun inside the house and re-emerged without it. Escalante had also been drinking, as the officers encountered him with a beer in hand. Thus, the police had a "reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched," *id.*, and the search was constitutionally permissible under the emergency doctrine.

■ 2. Viewing the evidence in the light most favorable to Escalante, we do not believe that the evidence established that he was entitled to a justification defense. An affirmative defense of justification requires that the defendant show the following:

(1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*United States v. Gomez*, 92 F.3d 770, 775 (9th Cir.1996) (quoting *United States v. Lemon*, 824 F.2d 763, 765 (9th Cir.1987)). According to Escalante, he was found with the gun fifteen minutes after the drive-by shooting occurred. After that amount of time, whatever danger the shooters presented had passed, yet Escalante remained in his front yard with his shotgun in hand, awaiting their return. Escalante further placed himself in a reckless situation in which he would be forced to engage in the

criminal conduct of possessing an unregistered firearm. *See United States v. Phillips*, 149 F.3d 1026, 1030 (9th Cir.1998). Finally, Escalante had been receiving threats for a number of weeks, the most recent being the morning of the shooting, yet he never notified the police or asked for their intervention. Thus, Escalante ignored an available reasonable legal alternative. Because Escalante recklessly placed himself in a situation where he would be forced to engage in criminal conduct and because he had a reasonable legal alternative, Escalante was not entitled to the affirmative defense of justification.

3. The Government concedes that it breached the plea agreement. Therefore, Escalante must be resentenced, and, as agreed, the Government must recommend that the district court sentence Escalante at the lower end of the Sentencing Guideline range.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

BERZON, Circuit Judge, concurring.

I concur in the disposition, except that I do not believe the circumstances permitted a lawful "protective sweep." There was no basis whatever for believing that any confederate of Escalante's was in the house. Had there been no actual gunshot, only the threat of one, there would have been no valid basis for police entry into the house. Under the emergency doctrine, however, the gunshot in the vicinity of the house provided sufficient basis to go inside the house to investigate the possible emergency created by the shot.