James W. HAWES; J.W. Hawes
Insurance Service, Plaintiffs–
Appellants,

v.

GENERAL STAR MANAGEMENT
COMPANY, Defendant,

and

Does 1 Through 100; General
Star Indemnity Company,
Defendants–Appellees.

No. 99–56432.

D.C. No. CV–98–01251–JTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Nov. 6, 2001.

Before BOOCHEVER, FERNANDEZ,
and FISHER, Circuit Judges.

MEMORANDUM *

James W. Hawes and J.W. Hawes Insurance Services ("Hawes") appeal the district court's summary judgment in favor of General Star Indemnity Company and General Star Management Company ("General Star") in Hawes' action for breach of contract and breach of the implied covenant of good faith and fair dealing. Hawes argues that, under its business errors and omissions liability insurance policy, General Star had a duty to provide coverage or a defense for Hawes in several actions that resulted from Hawes' allegedly negligent placement of insurance on behalf of Hawes' clients. General Star alleges that it was justified in denying coverage because Hawes failed to adhere to the notice requirements of the insurance policy and that the underlying claims were in any event excluded from coverage under the insolvency exclusion of the policy. The district court granted summary judgment on the grounds that Hawes' notice to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

General Star was inadequate. The court did not reach the issue of the insolvency exclusion, but we may affirm on any ground supported by the record. *Franklin v. Terr,* 201 F.3d 1098, 1100 n. 2 (9th Cir.2000).

The insured has the initial burden of establishing that a claim falls within the scope of the policy. *Royal Globe Ins. Co. v. Whitaker,* 181 Cal.App.3d 532, 226 Cal. Rptr. 435, 437 (Ct.App.1986). Only if this burden is met does the burden shift to the insurer to prove that a specific exclusion in the policy precludes coverage of the claim. *Merced Mut. Ins. Co. v. Mendez,* 213 Cal. App.3d 41, 261 Cal.Rptr. 273, 279 (Ct.App. 1989). Although the coverage provisions of the insurance policy are liberally construed in favor of the insured, the exclusions from coverage are narrowly construed against the insurer. *Charles E. Thomas Co. v. Transamerica Ins. Group,* 62 Cal.App.4th 379, 72 Cal.Rptr.2d 577, 579 (Ct.App.1998). Accordingly, the duty to defend "runs to claims that are merely potentially covered, in light of facts alleged or otherwise disclosed." *Buss v. Superior Ct.,* 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766, 773 (Cal.1997). The duty to defend is excused only in the event that "the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage." *Montrose Chemical Corp. v. Superior Ct.,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1160 (Cal.1993).

Hawes' policy with General Star contained a provision which explicitly excluded from coverage claims arising out of the insolvency of any insurer. The underlying actions against Hawes resulted when Hawes' clients were harmed because First Assurance & Casualty Company ("FACC"), the insurer with which Hawes placed the clients, turned out to be fraudulent, became insolvent and did not pay claims against it. On April 22, 1993, the California Department of Insurance ("DOI") issued a cease-and-desist order to FACC. The DOI ordered FACC to refrain from taking any new or renewal business because it had a negative surplus of more than $5 million and was insolvent under DOI standards. Although Hawes argues that FACC stopped paying claims months earlier, the first instance in which the record indicates that FACC stopped paying claims to the specific underlying claimants is in a June 4, 1993 letter from Hawes to underlying claimant D&H Trucking. In the letter, Hawes informed the claimant that FACC "is not presently paying claims or properly defending its policyholders" and urged the claimant to join a legal action in order to obtain settlement of its claims. FACC subsequently filed for Chapter 11 bankruptcy on October 22, 1993. In March 1994, the Turks & Caicos Islands, FACC's place of incorporation and licensing, initiated liquidation proceedings against FACC. FACC's court-appointed bankruptcy trustee and liquidator declared that FACC was insolvent at that time.

The record contains no evidence that FACC stopped paying claims to the specific underlying claimants prior to April 1993, when the DOI found that FACC's liabilities far exceeded its assets and declared FACC insolvent. The reason behind FACC's lack of funds is largely irrelevant to our analysis so long as FACC was insolvent prior to its refusal to pay claims to the specific underlying claimants. This condition is met here. The underlying actions against Hawes arose out of FACC's insolvency. Therefore, coverage was excluded under the insolvency exclusion and General Star was under no duty to defend Hawes.

Hawes' notice to General Star did not comply exactly with the strict terms of the policy, and certainly did not provide suffi-

cient information to determine why Hawes believed the underlying actions would trigger covered claims against him. Nonetheless, because his notice letter was sent in response to an invitation from General Star's agent, there may be questions whether General Star's failure to inquire into the attempted notice was proper. Because the insolvency exclusion of the policy precludes coverage, we do not reach the issue of the adequacy of the notice.

AFFIRMED.