**David LITMON, Jr., Plaintiff—Appellant,**

v.

**Stephen MAYBERG; et al., Defendant—Appellee.**

No. 03–15625.

D.C. No. CV–01–20711–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

David Litmon, Jr., Union City, CA, pro se.

Susan J. King, Deputy Atty. Gen., AGCA—Office of the California Attorney General, San Francisco, CA, for Defendant–Appellee.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM**

David Litmon, Jr., a former California state inmate, appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging that employees of the California Department of Mental Health violated his due process rights by falsely certifying that he met the criteria for a sexually violent predator under California's Sexually Violent Predator Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

■ The district court properly granted summary judgment to defendants Mayberg and Finnberg because Litmon's claims against them were barred by the applicable one-year statute of limitations. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir.2004). We will not entertain Litmon's

equitable tolling argument raised for the first time on appeal. See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1321 (9th Cir.1998).

■ The district court did not err in failing to order service of Litmon's complaint on defendants Inman and Shafer because Litmon's claims against those defendants were also barred by the one-year statute of limitations. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (an in forma pauperis complaint "is frivolous where it lacks an arguable basis either in law or in fact").

■ Although Litmon's claims against Thies were not time-barred, we affirm the district court's conclusion that Thies was entitled to absolute immunity for his role in Litmon's continued commitment. See Franklin v. Terr, 201 F.3d 1098, 1102 (9th Cir.2000) (extending absolute immunity to psychiatrist for testimony at trial); Burns v. County of King, 883 F.2d 819, 823 (9th Cir.1989) (extending absolute immunity to a state social worker for an affidavit submitted at a post-conviction proceeding where due process protections were present).

Litmon's remaining contentions lack merit.

Appellees' motion for judicial notice is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.