Roy ALVAREZ; Irene Alvarez, Plaintiffs—Appellants,

v.

CITY OF LOS ANGELES; Roland Drouin, Defendants— Appellees.

No. 04–55095.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2006.*

Decided April 26, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank Perez, Moreno, Becerra, Guerrero & Casillas, Montebello, CA, for Plaintiffs–Appellants.

Rodell R. Fick, DCA, City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: BRIGHT,[**] PREGERSON, and MCKEOWN, Circuit Judges.

MEMORANDUM [***]

We consider claims brought by Roy Alvarez ("Alvarez") and his wife Irene Alvarez against the City of Los Angeles ("City") and Officer Roland Drouin under 42 U.S.C. § 1983 and state tort law. Although we are sympathetic to the claims, upon de novo review of the record, *see Haupt v. Dillard*, 17 F.3d 285, 287 (9th Cir.1994), we are compelled to apply the controlling law and affirm.

The facts are known to the parties and are not recounted here.

## 1. False Arrest, False Imprisonment, Malicious Prosecution and State Tort Claims

The Supreme Court has instructed that qualified immunity shields officers from § 1983 actions where a reasonable officer could conclude, even if he is mistaken, that probable cause is present. *See Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). This issue should be resolved early in the litigation because it is an immunity from suit rather than a mere defense to liability. *See id.* Similarly, under California law, civil actions against police officers for false arrest, false imprisonment, or malicious prosecution can only be maintained if the plaintiff can prove the officer's actions were without probable cause. Cal.Penal Code § 847 (2004); *Crowley v. Katleman*, 8 Cal.4th 666, 676, 34 Cal.Rptr.2d 386, 881 P.2d 1083 (1994).

■ We find that even though another suspect existed, Drouin had probable cause to arrest Alvarez because Alvarez was identified as the culprit by several eyewitnesses. As the district court correctly stated, "Knowledge of Silva's activities in the same area during the same time frame does not erase the probable cause established by [the eyewitness] identifications, nor does it raise a triable issue as to the existence of probable cause."

## 2. Deliberate Fabrication of Evidence Claim

■ Alvarez claims that Drouin deliberately fabricated evidence. To prove this claim, Alvarez "must, at a minimum, point to evidence that ... Defendants continued their investigation ... despite the fact that they knew or should have known that he was innocent." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001) (en banc). This claim fails because Alvarez has not presented any evidence that Drouin deliberately fabricated evidence. In light of the totality of the circumstances, there is no evidence that Drouin knew or should have known that Alvarez was innocent.

[**] The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

### 3. Suppression of Evidence

 Alvarez alleges that Drouin violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by suppressing evidence regarding Silva, and that Drouin did so in bad faith. The evidence shows that Alvarez's counsel knew of Silva's arrest and that testimony regarding Silva's robberies was presented at Alvarez's trial. Both the prosecution and defense had access to the police arrest reports and preliminary hearing transcripts regarding Silva, both of which show Silva's modus operandi. "Since suppression by the Government is a necessary element of a *Brady* claim, if the means of obtaining the exculpatory evidence has been provided to the defense, the *Brady* claim fails." *United States v. Dupuy,* 760 F.2d 1492, 1502 n. 5 (9th Cir.1985) (internal citation omitted). The defense "had within [its] knowledge the information by which they could have ascertained the supposed *Brady* material." *Id.*

### 4. False Testimony Claim

Alvarez claims that Drouin is liable for false testimony presented at the criminal trial. This claim fails because the Supreme Court has held "that § 1983 does not authorize a damages claim against private witnesses" and that absolute immunity similarly protects a police officer appearing as a witness. *Briscoe v. LaHue,* 460 U.S. 325, 335–36, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Franklin v. Terr,* 201 F.3d 1098, 1101 (9th Cir.2000).

### 5. Claims Against the City

Alvarez brings § 1983 claims against the City under *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), alleging that the City's customs, policies, and practices caused a constitu-

tional deprivation. The claims against the City fail because Alvarez has not shown a constitutional violation. *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

### 6. Irene Alvarez's Claims

Irene Alvarez's claims fail because they are necessarily dependent on her husband's unsuccessful claims.

**AFFIRMED.**