**Robert B. KEENAN, Plaintiff—Appellant,**

v.

**FIRST CALIFORNIA BANK, Defendant—Appellee.**

No. 06–56481.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 1, 2008.

Donald E. Chadwick, Esq., Northridge, CA, for Plaintiff–Appellant.

Barry A. Smith, Brian H. Newman, Esq., Buchalter Nemer, Los Angeles, CA, for Defendant–Appellee.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Robert B. Keenan appeals the district court's order dismissing his action alleging claims under 42 U.S.C. § 1983 for violations of 42 U.S.C. § 407(a), as well as state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), *Arrington v. Wong,* 237 F.3d 1066, 1069 (9th Cir.2001), and we reverse.

The district court erred in dismissing the complaint with regard to Keenan's § 1983 claims because he sufficiently alleged that First California Bank deprived him of his rights under 42 U.S.C. § 407(a), and acted under the color of state law by surrendering Social Security funds in his bank account at the explicit direction of the California Franchise Tax Board. *See Franklin v. Terr,* 201 F.3d 1098, 1100 (9th Cir.2000) (explaining that a § 1983 plaintiff must allege deprivation of a right under federal law and that defendant acted under color or state authority); *Carlin Communications, Inc. v. Mountain States Tel. & Tel. Co.,* 827 F.2d 1291, 1295 (9th Cir.1987) (concluding that where the state commanded a phone company to take specific action with regard to a customer it "converted its otherwise private conduct into state action for purposes of § 1983").

Contrary to First California Bank's contentions, California Revenue and Taxation Code § 18674(a) does not provide immunity from Keenan's § 1983 claims. *See Kimes v. Stone,* 84 F.3d 1121, 1126–27 (9th Cir.1996) ("the existence of § 1983 immunities is a matter of federal law" and "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law").

Because it is unclear whether the district court premised dismissal of the state law claims on dismissal of the § 1983 claims, we reinstate the state claims and remand to the district court for further proceedings.

**REVERSED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.