**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT B. KEENAN, | No. 09-55428 |
| Plaintiff-Appellant, | D.C. No. 2:06-cv-01793-JVS-PJW |
| v. | |
| FIRST CALIFORNIA BANK, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 18, 2011
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS,[**]
District Judge.

Robert B. Keenan appeals the district court's grant of summary judgment in

favor of First California Bank. We have jurisdiction under 28 U.S.C. § 1291, we

review de novo, *see Solis v. Washington*, 656 F.3d 1079, 1083 (9th Cir. 2011), and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

we affirm.

I.

In 2005, Appellant Robert B. Keenan had a deposit account at First California Bank. According to Keenan, the account held many months' worth of Social Security payments.

On October 31, 2005, the California Franchise Tax Board sent an Order to Withhold to First California. According to the Franchise Tax Board, Keenan owed taxes for tax years 1982, 1986, 1987, 1989, 1992, 1993, 1994, and 1996, with the amount due totaling $292,234.51. The Franchise Tax Board directed First California to withhold the lesser of (1) the amount due, or (2) the amount under its control belonging to Keenan.

The Order included a sheet with excerpts from the California Revenue and Taxation Code, including § 18670, which details the procedures for dealing with Orders to Withhold, and § 18672, which provides that any person "failing to withhold the amount due from any taxpayer and to transmit the same to the Franchise Tax Board after service of a notice . . . is liable for such amounts." The sheet also quoted California Revenue and Taxation Code § 18674, which provides that a person required to withhold must not resort to any legal or equitable action in a court of law or equity. The Order to Withhold was received on November 7,

2

2005.

The Franchise Tax Board also sent a notice for First California to send to Keenan. The notice details the same general information as the Order to Withhold, but also contained additional guidance for taxpayers. In a section labeled "Special Information Concerning Taxpayer Rights," the following language appears: "If your bank account includes any money from Social Security or Supplemental Security Income, please contact us immediately at the telephone number at the top of this page."

On November 7, 2005, First California sent a letter to Keenan indicating that it had been served with an Order to Withhold, and as a result, his bank account had been debited in the amount of $81,287.20, which included a non-refundable bank fee of $60.00. The Bank said that it would hold these funds until November 21, 2005, at which time they would be remitted to the Franchise Tax Board.

Mr. Keenan sent a fax to First California on November 14, 2005, indicating that the moneys in the bank account were derived from Social Security. He also stated that he had been in contact with the Franchise Tax Board, and that it was likely that the Order to Withhold would either be modified or cancelled.

Mr. Keenan sent a letter to First California dated November 17, 2005, citing case law and statutes, explaining that the bank account contained Social Security

3

moneys and arguing that under 42 U.S.C. § 407(a),[1] transferring the Social

Security funds to the Franchise Tax Board would be a violation of federal law.

Keenan indicated that he was sending a copy of the letter to the Franchise Tax

Board.

First California did not receive any release from the Franchise Tax Board,

and it remitted $81,227.20 to the Franchise Tax Board on November 25, 2005.

The Franchise Tax Board sent another Order to Withhold to First California

on December 6, 2005, and it was received on December 14, 2005. The notice was

served on Keenan, and the bank informed him by letter dated December 14, 2005,

that it had debited $2,237.59 from his account, which included a $60.00 fee.

First California did not receive any release from the Franchise Tax Board

with respect to the second Order to Withhold, and it remitted $2,177.59 to the

Franchise Tax Board on December 28, 2005.

II.

---

[1] The statute provides the following:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a).

Keenan initiated this action against First California on March 24, 2006, in the U.S. District Court for the Central District of California.

Keenan raised the following claims in his amended complaint: (1) a claim under 42 U.S.C. § 1983 related to the transfer of $81,227.20 from Keenan's account to the Franchise Tax Board, allegedly in violation of 42 U.S.C. § 407(a); (2) a § 1983 claim related to the transfer of $2,177.59 from Keenan's account to the Franchise Tax Board, allegedly in violation of 42 U.S.C. § 407(a); (3) a breach of contract claim; (4) a "recovery of funds deposited" claim; (5) a conversion claim; and (6) an excessive fees claim, in which Keenan alleges that First California charged fees in an amount above that allowed by California law. Keenan seeks damages in the amount debited by First California, punitive damages, and costs.

On September 18, 2006, the case was dismissed on First California's motion, and Keenan appealed. The appeal was handled by a three-judge screening panel. The case was not scheduled for oral argument, and it was submitted for decision on April 22, 2008. The screening panel filed a memorandum disposition on May 1, 2008. *See Keenan v. First Cal. Bank*, 276 Fed. App'x 637 (9th Cir. 2008).

The screening panel held the following:

5

The district court erred in dismissing the complaint with regard to Keenan's § 1983 claims because he sufficiently alleged that First California Bank deprived him of his rights under 42 U.S.C. § 407(a), and acted under the color of state law by surrendering Social Security funds in his bank account at the explicit direction of the California Franchise Tax Board. *See Franklin v. Terr*, 201 F.3d 1098, 1100 (9th Cir. 2000) (explaining that a § 1983 plaintiff must allege deprivation of a right under federal law and that defendant acted under color or state authority); *Carlin Communications, Inc. v. Mountain States Tel. & Tel. Co.*, 827 F.2d 1291, 1295 (9th Cir. 1987) (concluding that where the state commanded a phone company to take specific action with regard to a customer it "converted its otherwise private conduct into state action for purposes of § 1983").

*Keenan*, 276 Fed. App'x at 637.

The case was reversed and remanded, First California filed its answer, and discovery began. The district court granted First California's motion for summary judgment, and Keenan appealed again.

III.

Keenan's arguments regarding law of the case are unavailing. We have stated that "[u]nder the law of the case doctrine, one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *See Hongsermeier v. Comm'r*, 621 F.3d 890, 903 (9th Cir. 2010) (quotation marks omitted). However, we conclude that the decision rendered by the screening panel does not prevent us from reaching the merits of the appeal. The law of the case is not strong when the prior decision was made by a

6

screening panel. *See United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986) ("A summary disposition, without a reasoned analysis reflecting the authorities or argument which led us to rule as we did, requires us to scrutinize the merits of the question we were asked to consider with greater care.").

IV.

Turning to the § 1983 claims, we conclude that First California was not acting under color of state law, and therefore is not liable. In order to demonstrate that a private party acted under color of state law, a plaintiff must be able to establish an additional nexus other than mere "governmental compulsion in the form of a generally applicable law." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 841 (9th Cir. 1999). "Typically, the nexus has consisted of participation by the state in an action ostensibly taken by the private entity, through conspiratorial agreement, official cooperation with the private entity to achieve the private entity's goal, or enforcement and ratification of the private entity's chosen action." *Id.* (citations omitted).

In this case, First California was complying with an Order to Withhold from the Franchise Tax Board and the laws of the State of California. Keenan has been unable to demonstrate any additional nexus between First California and governmental authorities. Accordingly, First California was not acting under state

7

law, and, and as a result, the § 1983 claims must fail.

V.

In his opening brief, Keenan did not challenge either (1) the district court's entry of judgment in favor of First California on the breach of contract, recovery of funds deposited with the bank, and conversion claims; or (2) the district court's decision to decline to exercise jurisdiction over Keenan's claim that First California charged excessive fees. We note that, in its answering brief, First California discussed Keenan's failure to substantively challenge the district court's summary judgment decision, concluding that Keenan has "effectively conced[ed] that the district court's decision was proper."

As a result, these claims have been waived on appeal. *See United States v. Waters*, 627 F.3d 345, 359 n.6 (9th Cir. 2010); *see also Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) (holding that we will not address waiver unless it is raised by the opposing party).

VI.

In conclusion, we are deeply troubled by the apparent improper confiscation of Social Security moneys by state tax authorities. Keenan tried to provide notification that there were Social Security funds in his account, to no avail. Despite being notified that Social Security moneys were subject to the Order to

Withhold, First California apparently made no effort to assist Keenan in his efforts to notify the Franchise Tax Board of this problem. Unfortunately, we are unable to make Keenan whole in this lawsuit.

**AFFIRMED.**



JUL 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Keenan v. First California*, **No. 09-55428**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.