**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMIEL A. KANDI, | No. 16-35661 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05648-RBL |
| v. | |
| HERITAGE FINANCIAL CORPORATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Federal prisoner Emiel A. Kandi appeals pro se from the district court's

judgment dismissing his action alleging a Racketeer Influenced and Corrupt

Organizations Act claim and various state law claims.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) (dismissal based on res judicata). We may affirm on any ground supported by the record. *Franklin v. Terr*, 201 F.3d 1098, 1100 n.2 (9th Cir. 2000). We affirm.

The district court properly dismissed Kandi's claims against Heritage Financial Corporation on the basis of res judicata. *See Headwaters, Inc.*, 399 F.3d at 1052 (setting forth the three-factor test to establish res judicata).

Dismissal of Kandi's claims against the remaining defendants was proper because the issue of when Kandi's claims accrued was actually litigated and decided in Kandi's prior federal court action. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Kandi leave to amend because amendment would have been futile. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (setting forth standard of review and explaining that leave to amend can be denied when proposed amendment would be futile).

16-35661

We reject as without merit Kandi's contentions that the dismissal of his action violated his right to a jury trial or due process.

We do not consider Kandi's arguments regarding the resolution of his prior action because those issues are outside the scope of this appeal.

**AFFIRMED.**