**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEAN SHREM; MARNI FISCHER, | No. 17-15896 |
| Plaintiffs-Appellants, | D.C. No. 4:15-cv-04567-HSG |
| v. | |
| SOUTHWEST AIRLINES COMPANY, a Texas corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted October 11, 2018
San Francisco, California

Before:  TASHIMA and MURGUIA, Circuit Judges, and CHATIGNY,** District Judge.

Plaintiffs-appellants Jean Shrem and Marni Fischer (collectively,

"Plaintiffs") appeal the district court's dismissal of their putative class action

alleging that defendant-appellee Southwest Airlines Company ("Southwest")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert N. Chatigny, United States District Judge for the District of Connecticut, sitting by designation.

breached its ticketing contract with Plaintiffs. Plaintiffs challenge Southwest's travel-credit policy, which generally allows customers to use the full price of a cancelled flight towards the purchase of another Southwest flight for up to one year from the original purchase date. However, if a customer uses the travel credit to purchase a new flight and then cancels that new flight, the expiration date of the entire credit from the new flight is one year from the purchase date of the original ticket. Plaintiffs call this the "hidden exception" to the "Reusable Funds Agreement," and they seek to represent a class of individuals who have forfeited travel credits because of this exception.

We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). "When ruling on a motion to dismiss, we may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Id.* at 1030–31 (internal quotation marks and citation omitted). We "can affirm on any grounds supported by the record." *Franklin v. Terr*, 201 F.3d 1098, 1100 n.2 (9th Cir. 2000). We affirm.

Plaintiffs allege that regulations enacted under the federal Airline Deregulation Act, 49 U.S.C. § 41701, *et seq.* (the "ADA"), provide the "rules of contract construction" for interpreting airline contracts and, therefore, if their

contract with Southwest does not comply with ADA regulations, Southwest has breached the contract. In addition to arguing that the ADA regulations apply to all airline contracts, Plaintiffs also argue that a provision in Southwest's 40-page contract of carriage (the "COC"), which Southwest contends is incorporated into the ticketing contract, incorporates ADA regulations into the COC. The provision states that the COC is "subject to applicable laws, regulations, and rules imposed by U.S. or foreign governmental agencies." Even if we assume that the ADA regulations apply and the ADA does not preempt this suit, Plaintiffs' claim still fails because Plaintiffs have not plausibly alleged that Southwest violated ADA regulations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face.").

Plaintiffs point to 14 C.F.R. § 253.7, which explains that a "carrier may not impose any terms restricting refunds of the ticket price [or] imposing monetary penalties on passengers . . . , unless the passenger receives conspicuous written notice of the salient features of those terms on or with the ticket." 14 C.F.R. § 253.7. Plaintiffs also rely on § 253.4 and § 253.5, which establish notice requirements when an airline carrier wishes to incorporate extraneous terms into an airline-passenger contract by reference. *See* 14 C.F.R. §§ 253.4, 253.5. Plaintiffs argue that their Southwest tickets do not provide "conspicuous written notice" of the travel-credit policy as required by § 253.7. Plaintiffs further assert that

3

Southwest cannot rely on the fact that the COC explains the travel-credit policy in detail, because Southwest did not properly incorporate the COC by reference under §§ 253.4, 253.5.

Even assuming that Southwest cannot rely on the full COC terms because Southwest did not properly incorporate the COC, Plaintiffs have not alleged a violation of § 253.7. Plaintiffs' tickets themselves, which are attached to the complaint, show that the expiration date of the travel credits was clearly indicated in a prominent position on the first page of the tickets. And the following statement appears on the second and third pages of the tickets: "All travel involving funds from this Confirmation Number must be completed by the expiration date." Thus, it is clear from the complaint and documents attached to the complaint that Plaintiffs received conspicuous notice of the salient features of the travel-credit policy. Plaintiffs have not plausibly alleged that Southwest breached ADA regulations. *See Manzarek*, 519 F.3d at 1031 ("We need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint."); *Twombly*, 550 U.S. at 570.

The district court therefore properly dismissed Plaintiffs' breach of contract claim. *See Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (listing the elements of a claim for breach of contract, including breach by the defendant).

**AFFIRMED**.