**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FARID GHALEHTAK; SHIRIN
TABATABAI,

               Plaintiffs-Appellants,

  v.

FAY SERVICING, LLC; MTC
FINANCIAL, INC., DBA Trustee Corps,

               Defendants-Appellees.

No.   18-15722

D.C. No. 3:17-cv-05976-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted March 12, 2019[**]

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Farid Ghalehtak and Shirin Tabatabai appeal pro se from the district court's

judgment dismissing their action alleging federal and state law claims arising from

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We may affirm on any ground supported by the record. *Franklin v. Terr*, 201 F.3d 1098, 1100 n.2 (9th Cir. 2000). We affirm.

Dismissal of plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim under 15 U.S.C. § 1692f(6) was proper because plaintiffs failed to allege facts sufficient to show that the entity on behalf of which defendants sought to foreclose lacked "the present right to possession of the property claimed as collateral through an enforceable security interest." *See* 15 U.S.C. § 1692f(6)(A); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in retaining jurisdiction over plaintiffs' state law claims after its dismissal of their FDCPA claims. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (explaining factors governing determination of whether to retain jurisdiction over pendent state-law claims).

The district court properly dismissed plaintiff's state law claims because plaintiffs failed to allege facts sufficient to support the theory underlying all of their state law claims that FNBN I, LLC was not the true beneficiary under the

2                                                                    18-15722

loan.  *See Iqbal*, 556 U.S. at 678.

The district court did not abuse its discretion by taking judicial notice of certain public records and district court and bankruptcy court documents.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard of review, and describing documents that a district court may take judicial notice of when ruling on a Rule 12(b)(6) motion).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Fay Servicing, LLC's request for judicial notice (Docket Entry No. 15) is granted.

**AFFIRMED.**