**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASON DEREK KRAUSE,

        Plaintiff-Appellant,

v.

ERNEST PEELE; et al.,

        Defendants-Appellees.

No.   20-16087

D.C. No.
3:19-cv-08054-MTL-ESW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted June 15, 2021
San Francisco, California

Before:  THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Jay Krause appeals the district court's dismissal of his claims against Ernest

Peele—an FBI agent who compiled a report and testified at Krause's criminal trial

regarding comparative bullet lead analysis ("CBLA").  We have jurisdiction

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we need not recount them here.

We review de novo a district court's dismissal based on absolute immunity. *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). We review legal issues pertaining to qualified immunity—such as whether an asserted federal right was clearly established at a particular time—de novo. *See Elder v. Holloway*, 510 U.S. 510, 516 (1994). In reviewing a district court's Rule 12(b)(6) dismissal, we accept as true all well-pleaded allegations of material fact and construe them in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Under the circumstances presented by this case, Peele is entitled to absolute immunity from suit. "[I]mmunity analysis rests on functional categories, not on the status of the defendant." *Briscoe v. LaHue*, 460 U.S. 325, 342 (1983). Testifying witnesses are entitled to absolute immunity for their testimony, although that immunity "does not shield non-testimonial conduct" or conduct that is not "'inextricably tied' to their testimony." *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001) (quoting *Franklin v. Terr*, 201 F.3d 1098, 1102 (9th Cir. 2000)). The timing of the challenged conduct "informs our determination of the function performed, but it is not determinative." *KRL v. Moore*, 384 F.3d 1105,

2

1111 (9th Cir. 2004). Peele's testimony at trial is entitled to absolute immunity, and he is also entitled to absolute immunity for the preparation of his report. The substance of Peele's report was inextricably tied to his testimony, in particular, because in order for Peele to testify at trial, he was required to produce the report under Arizona Rule of Criminal Procedure 15.1(a)(3). Moreover, Peele prepared the report several months after the initial investigation had been completed at a time when Krause had already been arrested and indicted, Peele never visited the crime scene to gather evidence or speak to witnesses in preparing his report, and his report's role was limited to the evaluation of evidence that had already been

collected. Thus, the report is best seen as testimonial in nature prepared with an eye towards trial, and Krause is entitled to absolute immunity.[1]

Because we resolve this case on immunity grounds, we need not and do not reach any of the other issues addressed by the parties.

**AFFIRMED.**

---

[1] Although we need not reach the issue, Peele would also be entitled to qualified immunity for his pre-trial actions. In determining whether an officer is entitled to qualified immunity, we consider: (1) "whether the officer violated a plaintiff's constitutional right," and (2) "whether the constitutional right was clearly established in light of the specific context of the case at the time of the events in question." *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (internal quotations and citation omitted). To be clearly established, the right's contours must be "sufficiently definite that any reasonable official in [his or her] shoes would have understood that he [or she] was violating it." *Hardwick v. County of Orange*, 844 F.3d 1112, 1117 (9th Cir. 2017) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)). The analysis is an objective one, not a subjective one. At the time of trial, CBLA was still widely recognized as an accepted practice. We therefore cannot conclude that the contours of the right Krause asserts were sufficiently clear that any reasonable official would understand that the use of CBLA evidence in 1994 amounted to the fabrication of evidence and would violate a defendant's right not to have fabricated evidence used against him. *See Maryland v. Kulbicki*, 577 U.S. 1, 4 (2015) (finding that in 1995, "the validity of CBLA was widely accepted, and courts regularly admitted CBLA evidence until 2003").

4