NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CAROL ELAINE WASSMANN,

        Plaintiff-Appellant,

 v.

SOUTH ORANGE COUNTY
COMMUNITY COLLEGE DISTRICT;
KARIMA FELDHUS; ROBERT
BRUMUCCI; GLENN ROQUEMORE;
LEWIS LONG; KATHERINE
SCHMEIDLER; DOES, 1 through 50,
inclusive,

        Defendants-Appellees.

No.   23-55671

D.C. No.
8:23-cv-00119-DOC-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 17, 2025[**]
San Francisco, California

Before:  FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Carol E. Wassmann appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing her complaint with prejudice and without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the dismissal de novo, *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (dismissal based on res judicata); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)), and we may affirm on any ground supported by the record, *Franklin v. Terr*, 201 F.3d 1098, 1100 n.2 (9th Cir. 2000). We review for abuse of discretion the denial of leave to amend but review de novo the futility of amendment. *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021).

Wassmann previously raised nearly identical claims against the same defendants in a California state court action, which resulted in a final judgment on the merits.[1] *See Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 234 Cal. Rptr. 3d 712 (Ct. App. 2018). Her claims are thus barred by res judicata. *See Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) ("[F]ederal courts must give the same preclusive effect to state court judgments . . . as the rendering state court would." (citing 28 U.S.C. § 1738)); *Villacres v. ABM Indus. Inc.*, 117 Cal. Rptr. 3d 398, 409 (Ct. App. 2010) (elements of res judicata under California law).

---

[1] We take judicial notice of court records from several proceedings in which Wassman raised similar claims: *Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, No. 30-2012-00608212-CU-PT-CJC (Cal. Super. Ct.); *Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, No. G053411 (Cal. Ct. App.); and *Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, No. 18-cv-01823 AG DFM (C.D. Cal.).

The district court did not abuse its discretion by denying leave to amend because Wassmann's claims are barred by res judicata and thus amendment would be futile. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Defendant-Appellee South Orange County Community College District (SOCCCD) requests "a determination . . . that this appeal was taken for frivolous reasons" before it files a "motion for sanctions pursuant to Rule 38" of the Federal Rules of Appellate Procedure. Consistent with Rule 38's requirement that "the person to be sanctioned . . . have notice and an opportunity to respond," Fed. R. App. P. 38 advisory committee's note to 1994 amendments, we decline SOCCCD's request without prejudice to SOCCCD's requesting Rule 38 sanctions in a separately filed motion.

**AFFIRMED.**